# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | |
|---|---|
| MA'REE NORDLING § | |
| § | |
| V. § | CASE NO. 4:11cv133 |
| § | |
| COMMISSIONER OF SOCIAL § | |
| SECURITY ADMINISTRATION § | |

## REPORT AND RECOMMENDATION OF
## UNITED STATES MAGISTRATE JUDGE

The Plaintiff brings this appeal under 42 U.S.C. § 405(g) for judicial review of a final decision of the Commissioner denying his claim for Disability Insurance Benefits ("DIB"). After carefully reviewing the briefs submitted by the parties, as well as the evidence contained in the administrative record, the Court finds that the Commissioner's decision should be **AFFIRMED.**

## HISTORY OF THE CASE

Plaintiff protectively filed an application for Disability Insurance Benefits under Title II of the Social Security Act on September 26, 2008, claiming entitlement to disability benefits due to right wrist impairment. Plaintiff's application was denied initially and on reconsideration. Pursuant to Plaintiff's request, a hearing was held before an Administrative Law Judge (ALJ) in Dallas, Texas on January 25, 2010. Plaintiff was represented by counsel at the proceeding. At the hearing, Plaintiff, the ALJ's medical expert, John Vorhies, Jr., M.D., and the ALJ's vocational expert, Talesia Beasley, testified.

On April 19, 2010, the ALJ denied Plaintiff's claim, finding Plaintiff "not disabled." Plaintiff requested Appeals Council review, which the Appeals Council denied on January 20, 2011. Therefore, the April 19, 2010 decision of the ALJ became the final decision of the Commissioner for purposes of judicial review under 42 U.S.C. § 405(g). *See* 20 C.F.R. § 404.981 (2005).

1

# ADMINISTRATIVE LAW JUDGE'S FINDINGS

After considering the record, the ALJ made the prescribed sequential evaluation. The ALJ made the following findings:

1. The claimant meets the insured status requirements of the Social Security Act through March 31, 2012.

2. The claimant has not engaged in substantial gainful activity since January 17, 2008, the alleged onset date (20 C.F.R. 404.1571 *et seq.*).

3. The claimant has the following severe impairments: degenerative disc disease, carpal tunnel syndrome, history of right wrist surgery, fibromyalgia, muscle strains, depressive, and bipolar disorder (20 C.F.R. 404.1520(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. 404.1520(d), 404.1525 and 404.1526).

5. The undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 C.F.R. 404.1567(b); i.e., lift/carry 20 pounds occasionally, 10 pounds frequently, sit, stand and walk six hours out of eight hours (with normal breaks); use ramps/stairs, stoop, kneel, crouch and crawl occasionally, frequent handling, fingering, feeling with the right hand but is precluded from ropes, ladders, scaffolds and able to understand, remember and carry out simple to detailed, not complex instructions and complete repetitive tasks.

6. The claimant is capable of performing past relevant work as a receptionist, claims processor and administrative assistant. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 C.F.R. 404.1565).

7. The claimant has not been under a disability, as defined in the Social Security Act, from January 17, 2008, through the date of this decision (20 C.F.R. 404.1520(f)).

(T.R. 13-21).

## STANDARD OF REVIEW

Judicial review of the Commissioner's final decision of no disability is limited to two inquiries: whether the decision is supported by substantial evidence in the record, and whether the proper legal standards were used in evaluating the evidence. *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994). If supported by substantial evidence, the Commissioner's findings are conclusive and must be affirmed. *Richardson v. Perales*, 402 U.S. 389, 390 (1971). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Id.* at 401. The Court may not reweigh the evidence in the record, try the issues *de novo*, or substitute its judgment for that of the Commissioner. *Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1995). A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings exist to support the decision. *Johnson v. Bowen*, 864 F.2d 340, 343-44 (5th Cir. 1988). The Court is not to substitute its judgment for that of the Commissioner, and reversal is permitted only "where there is a conspicuous absence of credible choices or no contrary medical evidence." *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983).

The legal standard for determining disability under Titles II and XVI of the Act is whether the claimant is unable to perform substantial gainful activity for at least twelve months because of a medically determinable impairment. 42 U.S.C. §§ 423(d), 1382c(a)(3)(A); *see also Cook v. Heckler*, 750 F.2d 391, 393 (5th Cir. 1985). In determining a capability to perform "substantial gainful activity," a five-step "sequential evaluation" is used, as described below.

## SEQUENTIAL EVALUATION PROCESS

Pursuant to the statutory provisions governing disability determinations, the Commissioner has promulgated regulations that establish a five-step process to determine whether a claimant

suffers from a disability. 20 C.F.R. § 404.1520 (1987). First, a claimant who, at the time of his disability claim, is engaged in substantial gainful employment is not disabled. 20 C.F.R. § 404.1520(b) (1987). Second, the claimant is not disabled if his alleged impairment is not severe, without consideration of his residual functional capacity, age, education, or work experience. 20 C.F.R. § 404.1520(c) (1987). Third, if the alleged impairment is severe, the claimant is considered disabled if his impairment corresponds to an impairment described in 20 C.F.R., Subpart P, Appendix 1 (1987). 20 C.F.R. § 404.1520(d) (1987). Fourth, a claimant with a severe impairment that does not correspond to a listed impairment is not considered to be disabled if he is capable of performing his past work. 20 C.F.R. § 404.1520(e) (1987).

At the fifth step, it must be determined whether claimant could perform some work in the national economy. A claimant who cannot return to his past work is not disabled if he has the residual functional capacity to engage in work available in the national economy. 20 C.F.R. § 404.1529(f) (1987); 42 U.S.C. § 1382(a).

At this juncture, the burden shifts to the Commissioner to show that there are jobs existing in the national economy which Plaintiff can perform, consistent with his medically determinable impairments, functional limitations, age, education, and work experience. *See Bowen v. Yuckert*, 482 U.S. 137 (1987). Once the Commissioner finds that jobs in the national economy are available to the claimant, the burden of proof shifts back to the claimant to rebut this finding. *See Selders v. Sullivan*, 914 F.2d 614, 618 (5th Cir. 1990).

In this case, a determination was made at the fourth step.

## ANALYSIS

Plaintiff's first through third points of error deal with Plaintiff's criticism of the ALJ's evaluation of and failure to accord weight to her treating physicians, the failure to properly apply 20

C.F.R. § 404.1527(d), and the limitation of evaluation only on grounds articulated by the ALJ.

Plaintiff saw two doctors, Lund and Kious, among several others, and also consulted a Dr. Mount. To determine whether a disability exists for the purposes of the Social Security Act, the ALJ must weigh the following elements of proof: 1) objective medical facts; 2) diagnoses and opinions of treating and examining physicians; 3) the claimant's subjective evidence of pain and disability; and 4) the claimant's age, education, and work history. *Wren v. Sullivan,* 925 F.2d 123, 126 (5th Cir. 1991). The ALJ's evaluation of the credibility of the claimant's subjective complaints is entitled to judicial deference if it is supported by substantial evidence. *Villa v. Sullivan*, 895 F.2d 1019, 1024 (5th Cir. 1990).

Much of Plaintiff's criticism centers on the ALJ's discussion or lack of discussion of Dr. Kious' records and evaluation. Essentially, Plaintiff points out that Kious saw her a number of times for pain and medication issues. Further, Plaintiff argues that the ALJ did not comment on Kious' opinions regarding Plaintiff's condition and ability to work.

Contrary to Plaintiff's position, the ALJ, only in part, rejected the opinion of Dr. Kious. Many of Kious' opinions were directly referenced by the ALJ. Plaintiff contends that the ALJ failed to apply the standard adopted by the Fifth Circuit in *Newton v.Apfel*, 209 F.3d 448 (5th Cir. 2000). The decision specifically states that the statutory steps must be followed "absent reliable medical evidence from a treating or examining physician controverting the claimant's treating specialist." *Id.* at 453. *Newton*'s analysis, as the Court reads it, however applies when there is only one medical opinion or where the record is incomplete. Here, there were records from a number of treating sources which the ALJ referenced. Although a treating physician should be accorded great weight, *Greenspan v. Shalala*, 38 F.3d 232, 237 (5th Cir. 1994), the ALJ is free to reject the opinion of any physician when the evidence supports a contrary conclusion. *Bradley v. Bowen*, 809 F.2d 1054,

1057 (5th Cir. 1987).

As stated, the ALJ did not completely reject the opinion of Dr. Kious. The ALJ only rejected the opinion that Plaintiff's allegations of pain and side effects from medication precluded competitive employment. The ALJ specifically found that Plaintiff's treatment records belied Dr. Kious' conclusion. The ALJ noted Plaintiff's physical exam by the same doctor as well as a negative MRI study. The ALJ also noted that Dr. Kious' own records indicated no side effects from medication except as to sleep medicine.

Moreover, the ALJ is not required to rely on a doctor's opinion as to whether someone is disabled within the meaning of the Social Security Act. *See Martinez v. Chater*, 64 F.3d 172, 176 (5th Cir. 1995). A physician's conclusory opinion of disability intrudes upon an area reserved to the Commissioner, and the ALJ may reject such an opinion without referring to the factors used to evaluate a typical medical opinion. *Frank v. Barnhart,* 326 F.3d 618, 620 (5th Cir. 2003). The ALJ properly rejected Dr. Kious' conclusory statement regarding Plaintiff's ability to maintain employment.

As to Dr. Mount, he performed a one-time consultative examination and therefore is not due special deference as a treating physician. *Robinson v. Astrue*, 271 Fed. Appx. 394 at 396 (5th Cir. 2008). The ALJ nevertheless spelled out the reasons for rejecting his opinion. The ALJ noted Mount's findings were inconsistent with the objective medical evidence and relied heavily on Plaintiff's subjective complaints. The ALJ referred to records from the treating family doctor noting that Plaintiff was negative for anxiety, depression or sleep disturbance. Plaintiff also alleges that Dr. Lund's fill-in-the-blank assessment as to disability should be given greater weight. However, as noted above, such matters are reserved for the Commissioner. *Martinez,* 64 F.3d at 176.

Plaintiff, at length, addresses the ALJ's failure to discuss particular medical records which indicate her chronic pain syndrome and decreased ability to work. The Court notes that the ALJ did recognize Plaintiff's pain syndrome, finding that she suffered from degenerative disc disease and fibromyalgia, as well as muscle strains. The ALJ specifically addressed Dr. Lund's assessment (42F) noting that Plaintiff had chronic FCR bilateral tendonitis, right shoulder impingement, chronic regional pain syndrome and fibromyalgia for which she takes narcotic medication (T.R. 16). The ME also testified that a number of studies, some of which were conflicting, in his opinion, showed no significant medical issues.

It was well within the province of the ALJ to consider *all* the records before him. In fact, he states that he has considered the record before him in its entirety.

Plaintiff also at length quotes the Functional Capacity Questionnaire filled out by Dr. Kious as evidence that the ALJ did not properly evaluate Kious' medical opinions as to her work restrictions. An RFC determination is essentially a conclusion about what a claimant may still do despite her impairments. *See Perez v. Barnhart*, 415 F.3d 457, 462 (5th Cir. 2005). Yet the determination of an RFC and disability is reserved for the Commissioner. 20 C.F.R. § 404.1527(e)(2). The ALJ specifically cited Dr. Kious' opinion as to RFC. The ALJ gave his reasons for not accepting Dr. Kious' findings; thus, there is substantial evidence to support his decision. Any conflicts in the evidence are resolved by the ALJ, not the Court. *See Richardson v. Perales*, 402 U.S. 389, 399 (1971).

As an example, Doctors Young's (T.R. 455) and McFarooqi's findings (T.R. 444) support the result reached by the ALJ. Here, the ALJ specifically noted the findings of the State Agency examiners in finding that the Plaintiff could perform light work incorporating those findings in his RFC. The Court finds no error as to points of error 1-3.

Plaintiff's last point of error contends that the ALJ erred in his evaluation of Plaintiff's credibility. The ALJ has the responsibility to evaluate the credibility of the claimant. *See Materson v. Barnhart*, 309 F.3d 267, 272 (5th Cir. 2002). "Credibility conclusions are 'precisely the kinds of determinations that the ALJ is best positioned to make.'" *Spruill v. Astrue,* 299 F. App'x 356, 358 (5th Cir. 2008) (quoting *Falco v. Shalala,* 27 F.3d 160, 164 (5th Cir. 1994)). The ALJ considered the record before him, Plaintiff's allegations as to her activities, and her treatment history and medications. The ALJ simply did not believe Plaintiff was as bad off as she alleged. This was well within his province, and the Court cannot substitute its own judgment, even if the call is a close one. There was substantial evidence to support the ALJ's conclusion.

## **RECOMMENDATION**

Pursuant to the foregoing, the Court RECOMMENDS that the decision of the Administrative Law Judge be **AFFIRMED.**

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days shall bar an aggrieved party from attacking the factual findings on appeal. *Thomas v. Arn*, 474 U.S. 140, 106 (1985); *Nettles v. Wainwright*, 677 F.2d 404, 408 (5th Cir. 1982) (en banc).

**SIGNED this 27th day of July, 2012.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE